MATTER OF CASOLE

In DEPORTATION Proceedings

A-12561979

*Decided by Board April 10, 1963*

The discretionary authority contained in section 211(c) of the Immigration and Nationality Act will not be exercised in behalf of respondent, a 29-year-old Italian national, who was married the day following issuance of his nonquota visa and the signing of State Department form, in English and Italian, attached to the visa which placed him on notice that marriage prior to entry would divest him of his nonquota status and render him subject to exclusion, since he has not established, as required by the statute, that his inadmissibility was not known to him and could not have been ascertained by the exercise of reasonable diligence prior to his departure for the United States.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry under 8 U.S.C. 1181(a)(3)—Not nonquota as specified in immigrant visa.

This case is before us on appeal from a decision of a special inquiry officer denying relief under 8 U.S.C. 1181(c), granting voluntary departure and directing that the respondent be deported if he fails to depart voluntarily.

The respondent is a 29-year-old married male, native and citizen of Italy, whose only entry into the United States occurred on December 7, 1961 at which time he was admitted as a nonquota immigrant. He secured nonquota status under section 25(a) of the Act of September 26, 1961 [1] as the unmarried son of an alien lawfully admitted to the United States for permanent residence. The visa was issued to him on October 31, 1961 and he was married in Italy to Ippolita Fortino on November 1, 1961. Since he was not the unmarried son of a legally resident alien at the time he applied for admission on December 7, 1961, he was inadmissible to the United States under 8 U.S.C. 1181(a) (3). The respondent has conceded that he is deportable on the charge

---

[1] Public Law 87-301; 75 Stat. 657; Note at page 165 following 8 U.S.C. 1153, 1958 Ed., Supp. III.

stated in the order to show cause. The sole issue to be determined is whether the application for *nunc pro tunc* relief under 8 U.S.C. 1181 (c) should be granted.

We have carefully reviewed the entire record. Apparently the respondent was not excludable on any ground other than that stated in 8 U.S.C. 1181(a)(3). Under these circumstances and subject to the provisions of subsection (d) of 8 U.S.C. 1181, subsection (c) thereof contains discretionary authority to admit this respondent providing that the Attorney General or his delegated officer is "satisfied that such inadmissibility was not known to and could not have been ascertained by the exercise of reasonable diligence by, such immigrant prior to the departure of the vessel or aircraft from the last port outside the United States * * *." As we have indicated above, the respondent has conceded that his marriage prior to his application for admission to the United States rendered him excludable. The question resolves itself into whether, prior to his departure from Italy, the respondent did not know and could not have ascertained that he would be inadmissible.

The special inquiry officer stated that he was not satisfied that the testimony of the respondent and his witness rebuts the presumption which arises from the requirement of 22 CFR 42.117(b), citing *Matter of G—*, Int. Dec. No. 1194 (1962). That decision and the regulation mentioned relate to the *application* for the immigrant visa in a situation in which that alien failed to disclose that he had been a member of the Communist Party. In the respondent's case, there is no claim that the application for visa contained a false statement or that the respondent failed to disclose any information to the American Consular Officer. Hence, that decision and the regulation are not pertinent.

It was also stated in the special inquiry officer's decision that the respondent's case is governed squarely by this Board's decision in *Matter of C—*, 8 I. & N. Dec. 665 (1960). Although many of the facts in that case are similar to facts in the respondent's case, we do not think it is entirely accurate to say that the decision governs this respondent's case because the question which must be determined here is whether the particular facts of this case do or do not show that the respondent knew or could have reasonably ascertained that he would be inadmissible if he married. During the oral argument, counsel stated that the special inquiry officer did not find fraud and misrepresentation on the part of this respondent and he contended that *Matter of C—* related entirely to fraud and misrepresentation and was, therefore, inapplicable. Actually, the alien in *Matter of C—* was not charged with procuring his visa by fraud or misrepresentation, and the factual situation resembles that in the respondent's case.

237

Counsel also cited *Matter of M—*, 4 I. & N. Dec. 626 (1952) and *Matter of R—*, 7 I. & N. Dec. 304 (1956). In the former relating to the discretion to grant voluntary departure, we said that aliens whose cases are substantially similar should receive like treatment. That case has no application because the special inquiry officer did not deny relief to the respondent as a matter of discretion but because the respondent did not meet the statutory requirements of 8 U.S.C. 1181(c). *Matter of R, supra,* related to a letter of the Department of State dated May 14, 1956, stating that the Italian quota had been entirely utilized and could not be reduced to take care of that alien's case and the same department's subsequent letter indicating that the alien's case could be adjusted. In that case, the special inquiry officer held on April 30, 1956 that the alien was unaware of the fact that his marriage made him inadmissible to the United States and apparently the Service did not contest that finding. For that reason, the question of that alien's knowledge or lack of knowledge concerning the effect of his marriage was not considered by this Board and the facts which led the special inquiry officer to that conclusion are not even stated in the decision. That case is of no assistance to counsel since, as we have previously indicated, the question here is whether, on the particular facts relating to this respondent, it can be said that he was not aware and could not have ascertained that he would be excludable.

Counsel referred to the special inquiry officer's discussion (decision, pp. 5–7) of the respondent's interrogation on June 27, 1962 (Ex. 3) and that officer's conclusion that it indicated that the respondent knew before he left Italy, or had reason to believe, that his visa would be invalid if he married prior to coming to the United States. Insofar as is pertinent to this question, Exhibit 3 contains the respondent's testimony that the American Consular Officer did not inform him that the visa would be invalid if he married but that other people did advise him after he received the visa. There is a statement that these persons who were also getting their visas to come to the United States which would indicate that the respondent received this information prior to his departure from Italy. The respondent's testimony at the hearing (Tr. pp. 29–32) indicates that a few days after the examination of June 27, 1962 he appeared at the office of the Service as requested for the purpose of signing the transcript; that the statement was then translated to him; and that he refused to sign it on the advice of counsel because two matters allegedly were incorrectly stated. He testified (Tr. pp. 8, 10, 32) that no one in Italy told him that the visa would be invalid if he married and that he first learned of the invalidity of his visa when he filed his visa petition on behalf of his wife after his arrival in the United States. The special inquiry officer stated that the questions and answers in Exhibit 3 indicated

to him that the respondent knew or had reason to believe before he left Italy that his visa would be invalid if he married prior to coming to the United States. We do not consider it necessary to rely on this challenged testimony of the respondent in Exhibit 3 nor to determine whether it would have been incumbent upon him to accept statements from unofficial sources as to what would invalidate the visa issued by the American Consular Officer.

We believe this case can properly be disposed of on the basis of the form reading, "STATEMENT OF MARRIAGEABLE AGE APPLICANT" which is attached to the respondent's immigrant visa. The form contains a notice to the visa applicant in English and Italian, the English version of which is as follows: "I, ——— the undersigned, fully understand that I shall lose my nonquota, quota preference status or right to be charged to the quota of my accompanying parent if I marry prior to my application for admission at a port of entry into the United States and that I would then be subject to exclusion therefrom." This form is dated October 30, 1961, the date on which the visa application was executed before the American Consular Officer. The respondent testified (Ex. 3, pp. 2–3; Tr. pp. 9, 11–12) that the two signatures on this form are his; that he had not read the information on the form when he signed it; that he can read and write Italian; and that he had attended school in Italy to the fifth or eighth grade. We do not believe the respondent's statement that he signed this form without reading the information appearing in Italian immediately above his signature. However, even if that were the case, he could have ascertained his inadmissibility by merely reading the statement in Italian and his neglect to do that would constitute a failure to exercise reasonable diligence. Accordingly, we are not satisfied that the respondent's inadmissibility was not known to him and could not have been ascertained by him through the exercise of reasonable diligence prior to his departure from Italy. It follows that the applicant does not meet this statutory requirement of 8 U.S.C. 1181(c) and his appeal from the denial of that relief will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby dismissed.